UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FISHER-PRICE ROCK 'N PLAY SLEEPER
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION  MDL No. 2903

**TRANSFER ORDER**

**Before the Panel:**[*] Defendants Fisher-Price, Inc., and Mattel, Inc., move under 28 U.S.C. § 1407 to centralize pretrial proceedings in the actions listed on Schedule A in the Central District of California. This litigation consists of ten putative class actions, two of which are pending in the Central District of California. Six actions are pending in the Western District of New York, one action in the District of Colorado, and one action in the Northern District of Oklahoma. In addition, the parties have informed the Panel of five related actions pending in the Southern District of Iowa and the Western District of New York.[1]

Plaintiffs in the actions pending in the Central District of California support the motion. Plaintiffs in the six Western District of New York actions, as well as plaintiffs in two potential tag-along actions pending in that district, oppose centralization. Alternatively, these plaintiffs suggest the Western District of New York as the transferee district. Plaintiffs in the District of Colorado and Northern District of Oklahoma actions also oppose centralization. Alternatively, these plaintiffs ask that we exclude the Colorado and Oklahoma actions from the MDL or, if we decline to do so, that we centralize in either the District of Colorado or the Northern District of Oklahoma.

On the basis of the papers filed and hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Western District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that Fisher-Price's Rock 'n Play Sleeper (RNPS) is unsafe because, among other reasons, its angled design does not allow infants to sleep in a supine position, which allegedly increases the risk that infants will suffer from positional asphyxia, plagiocephaly, and torticollis. Plaintiffs uniformly allege that defendants' advertising and marketing for the RNPS was false and misleading, and that Fisher-Price's April 2019 recall of the RNPS was deficient.

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

The plaintiffs opposing centralization do not dispute the existence of common factual issues, but they argue that these factual issues are not sufficiently complex to warrant centralization. We reject this argument. Discovery regarding the design of the RNPS and whether it unreasonably increases the risk of positional asphyxiation in infants likely will be more akin to the discovery required in products liability litigations than run-of-the-mill false advertising lawsuits, with expert testimony required on a number of complicated topics, such as the suitability of the RNPS for prolonged sleeping by infants. The opposing plaintiffs also point to differences in the putative classes asserted in the actions, but any such differences are outweighed in this instance by the potential for duplicative and complex discovery and discovery motions, which will be substantially eliminated through centralization. *See In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d 1359, 1360 (J.P.M.L. 2008) ("Transfer under Section 1407 does not require a complete identity of common factual issues as a prerequisite to transfer. Also, the presence of additional or differing legal theories is not significant when the actions still arise from a common factual core . . . ."). In any event, the asserted classes are not so different as the opposing plaintiffs contend. Plaintiffs assert similar causes of action for breach of warranties, fraud, unjust enrichment, violation of state consumer protection laws, and negligence. Even setting aside the putative nationwide classes asserted in the majority of actions, at least three actions (pending in the Central District of California and the Western District of New York) assert claims on behalf of the same putative class of California purchasers of the RNPS, while two actions (pending in the District of Colorado and the Western District of New York) assert claims on behalf of the same putative class of Colorado purchasers. Centralization thus will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are not persuaded that alternatives to centralization are practicable or preferable for this litigation. The opposing plaintiffs point to the motions of several of the New York plaintiffs to intervene in and transfer the two Central District of California actions to the Western District of New York. These motions, though, do not offer a "reasonable prospect" of eliminating the multidistrict character of this litigation.[2]  *See In re Natrol, Inc., Glucosamine/Chondroitin Mktg. & Sales Practices Litig.*, 26 F. Supp. 3d 1392, 1393 (J.P.M.L. 2014) ("[T]he pendency of Section 1404 motions, alone, is not dispositive, and we look to other circumstances to determine whether there is a reasonable prospect that the Section 1404 motions will resolve the difficulties posed by duplicative multidistrict litigation—for example, the amenability of counsel to Section 1404 transfer, orders addressing transfer in the underlying actions, and the likelihood of potential tag-along actions."). Here, the motions are opposed by all parties to the California actions, both plaintiffs and

---

[2] The motions to intervene and transfer also undermine the opposing plaintiffs' argument that the differences between the asserted classes among the actions weigh against transfer. The basis for the motions to intervene and transfer is that the New York plaintiffs "have many claims in common with" the California plaintiffs and that the New York plaintiffs "each seek to represent a class including members of the proposed class" in the California actions. Mem. in Supp. of Mot. to Intervene at 1, 16, *Flores v. Fisher-Price, Inc.*, C.A. No. 8:19-01073 (C.D. Cal. Jun. 11, 2019), ECF No. 10-1.

-3-

defendants. Even if the motions were granted, there still would be actions pending in four districts, as no transfer motions have been filed in the District of Colorado, the Southern District of Iowa, or the Northern District of Oklahoma. While it is possible that Section 1404 motions could be filed in all the actions, we conclude that centralization of this litigation is most appropriate now. It expeditiously places all related actions before a single judge who can ensure that pretrial proceedings are conducted in a streamlined manner leading to the just and efficient resolution of all actions.

The opposing plaintiffs also contend that voluntary coordination of discovery is practicable given the limited number of actions and involved counsel. The pretrial proceedings in this litigation, though, are likely to involve relatively complex causation issues necessitating extensive common expert discovery and one or more *Daubert* hearings. Additionally, the proposed nationwide classes among the fifteen related actions, as well as at least two of the putative state classes, overlap significantly. There are at least five groups of plaintiffs' counsel in this litigation, and clear fault lines already are evident between two of these groups (as evidenced by the motions to intervene and transfer filed in the Central District of California). In this instance, centralization will provide superior coordination than could be achieved informally among counsel.

We deny the request of the Colorado and Oklahoma plaintiffs to be excluded from this MDL. These plaintiffs contend that their exclusion is warranted because they assert claims only on behalf of non-overlapping putative state classes – an argument we already have rejected. In addition, they argue that centralization will violate their rights to due process, in that they will be unable to prosecute their claims independently of other counsel in the MDL, in particular, whomever is appointed as lead plaintiffs' counsel for the litigation. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks and citation omitted). Plaintiffs' arguments are speculative, and we find they are without merit—transfer will not deny plaintiffs the opportunity to meaningfully participate in pretrial proceedings before the transferee court.

The Western District of New York is an appropriate transferee district for this litigation. This district has a strong connection to these cases. Fisher-Price is headquartered in East Aurora, New York, and the critical events and decisions underlying plaintiffs' claims regarding the RNPS occurred there. Two thirds of the related actions (10 of 15) were filed in this district, which is supported by the majority of responding plaintiffs. The Western District of New York thus presents a convenient and relatively accessible forum for this litigation. All of the related actions pending in this district are assigned to the Honorable Geoffrey W. Crawford of the District of Vermont, who sits in the Western District of New York as a visiting judge. Centralization in the Western District of New York therefore allows us to assign this litigation to an able jurist who has not yet had the opportunity to preside over an MDL. We are confident that Judge Crawford will steer this litigation on an efficient and prudent course.

-4-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of New York are transferred to the Western District of New York and, with the consent of that court, assigned to the Honorable Geoffrey W. Crawford, sitting in the Western District of New York as a visiting judge under 28 U.S.C. § 292(b), for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

**IN RE: FISHER-PRICE ROCK 'N PLAY SLEEPER
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION**                              MDL No. 2903

## SCHEDULE A

<u>Central District of California</u>

BLACK v. MATTEL, INC., ET AL., C.A. No. 2:19−03209
FLORES v. FISHER−PRICE, INC., C.A. No. 8:19−01073

<u>District of Colorado</u>

WRAY v. FISHER PRICE, ET AL., C.A. No. 1:19−01603

<u>Western District of New York</u>

DROVER-MUNDY, ET AL. v. FISHER−PRICE, INC., ET AL., C.A. No. 1:19−00512
MULVEY v. FISHER−PRICE, INC., ET AL., C.A. No. 1:19−00518
SHAFFER v. MATTEL, INC., ET AL., C.A. No. 1:19−00667
NABONG v. MATTEL, INC., ET AL., C.A. No. 1:19−00668
BARTON v. MATTEL, INC., ET AL., C.A. No. 1:19−00670
KIMMEL v. FISHER−PRICE, INC., ET AL., C.A. No. 1:19−00695

<u>Northern District of Oklahoma</u>

FIEKER v. FISHER−PRICE, INC., ET AL., C.A. No. 4:19−00295